## Honifius v. Chambersburg Engineering Company.

*Negligence—Master and servant—Breaking of chain—Question for jury.*

In an action by an employee against his employer to recover damages for personal injuries suffered in the course of his employment by the breaking of a chain, the case is for the jury where the evidence for the plaintiff shows that the chain at the time of the accident was worn and in bad condition, that it had been in use for five years without inspection, that it had broken about three months before the accident, and that the defendant's superintendent had been notified of its condition.

*Negligence—Master and servant—Contributory negligence.*

In an action by an employee against his employer to recover damages for personal injuries caused by the breaking of a chain, the question of plaintiff's contributory negligence is for the jury where the plaintiff testifies positively that his hands were in a certain position, admittedly a safe one, when the chain broke, while inferences drawn from other testimony in the case plausibly support the theory that the plaintiff's hands were in another, and an admittedly, dangerous position.

Argued March 6, 1900. Appeal, No. 14, Jan. T., 1900, by defendant, from judgment of C. P. Franklin Co., April T., 1899, No. 395, on verdict for plaintiff in case of Robert Honifius v. Chambersburg Engineering Company. Before GREEN, C. J., McCOLLUM, MITCHELL, DEAN and MESTREZAT, JJ. Affirmed.

Trespass for personal injuries. Before JOHN STEWART, P. J.

The facts are fully stated in the opinion of the Supreme Court.

The court refused to give binding instructions for defendant.

*Error assigned* among others was (6) refusal to give binding instructions for defendant.

W. Rush Gillan, with him Sharpe & Sharpe, for appellant.— There is no evidence in the case to show that the breaking of the chain which caused injury to the plaintiff resulted from any negligence of the defendant: Ford v. Anderson, 139 Pa. 261 ; Reese v. Clark, 146 Pa. 465·; Snodgrass v. Carnegie Steel Co., 173 Pa. 228 ; Bradbury v. Kingston Coal Co., 157 Pa. 231 ; McClain v. Henderson, 187 Pa. 283 ; Dickerson v. Central R. R. Co. of N. J., 189 Pa. 567.

The case should have been withdrawn from the jury because the evidence shows that the plaintiff must have had his hand under the cope when the chain broke: Carroll v. Penna R. Co., 12 W. N. C. 348; Penna. R. Co. v. Bell, 122 Pa. 58; Marland v. Pittsburg, etc., R. R. Co., 123 Pa. 487; Myers v. B. & O. R. R. Co., 150 Pa. 389; Hovenden v. Penna. R. Co., 180 Pa. 249.

*Robert Snodgrass*, with him *J. M. McDowell* and *Edwin W. Jackson*, for appellee, cited on the question of negligence: Shafer v. Lacock, Hawthorn & Co., 168 Pa. 504; White v. Boston & Albany R. R. Co., 144 Mass. 404.

OPINION BY MR. JUSTICE MESTREZAT, May 14, 1900:

The plaintiff is a molder and while in the employ of the defendant company on September 26, 1898, was seriously injured. The defendant is engaged in the business of manufacturing engines, steel hammers and other heavy tools and machinery from iron. On the morning of the accident, when the plaintiff received the injuries for which this action was brought, preparations were being made in the foundry to make a casting. This is made in a flask, which is composed of two parts: the drag or lower part, and the cope or upper part. When the two parts are fitted together they contain a mold into which is poured the molten metal for the casting. The flask used on this occasion was about eight feet square. The cope weighed about seven tons and was moved by means of a crane operated with pulleys and a chain. The cope had been placed on the drag and it was necessary to remove it temporarily in order to ascertain whether the cores or sand had been interfered with. The plaintiff and some of his coemployees were called to steady or support it while it was being removed and replaced preparatory to making the casting. As the cope was lifted from the drag, one of the strands of the chain by which it was suspended from the crane broke, and it instantly fell again upon the drag. The plaintiff's left hand was caught between the cope and the drag and was so badly crushed as to necessitate its amputation. This action was brought to recover damages for the injuries thus sustained.

The errors assigned are all based upon the answers of the

court to six of the points for charge presented by the defendant. These requests for instructions asked the court to withdraw the case from the jury and direct a verdict for the defendant. The court refused the instructions and submitted the case to the jury. The correctness of this action of the court is the only question for our consideration.

In support of their position, the learned counsel for the appellant contend that the evidence failed to show that the breaking of the chain which caused the plaintiff's injuries was the result of any negligence on the part of the defendant, and that it did show that the plaintiff was guilty of negligence which contributed to his injuries.

With the view of determining the questions here presented, we have carefully examined the evidence in the case. The testimony of the plaintiff showed that the chain had been in use for the greater part of at least five years, was much worn and in very bad condition. Harry J. Null, a molder of experience and foreman of defendant's shop, testified that during the five years he was engaged at the shop the chain had not, to his knowledge, been inspected; that it broke about three months prior to the accident, was very much worn, was in a very bad condition and unsafe; that he showed it to the superintendent and told him he did not think it was safe. John E. Dock, a foundryman, core maker and molder of many years' experience testified that the chain had broken prior to the accident and he heard the foreman say to the superintendent that a new chain was needed for heavy work; that he examined the chain, found the links worn from a quarter to a third of an inch and that it was unsafe; that during the five or six months he worked there he knew of no inspection of the chain for ascertaining its condition. John Evans, a carpenter, testified that the chain was pretty well worn and that some of the links were a quarter or more worn. Daniel F. Downs, a molder of many years' experience, testified that he put the chain on the crane in 1890, used it from 1890 to 1893; that it was purchased for a five-eighths chain and that the life of such a chain was not more than four or five years. W. H. Truatt, a laborer, testified that some of the links of the chain were much worn, a quarter worn off.

Under this and the other evidence of the plaintiff the jury

would have been justified in finding that the chain broke by reason of becoming weakened by long usage and that the defendant had notice of its imperfect and unsafe condition prior to the time the plaintiff was injured. This, taken in connection with the fact that the plaintiff was in the discharge of his duties when the accident occurred and the further fact that the cope fell because the chain broke, was amply sufficient to authorize a verdict against the defendant on the ground of negligence.

The evidence in regard to the broken link produced on the trial of the cause was submitted to the jury with very careful and explicit instructions. Whether the link produced on the trial was the one that broke and caused the accident, and if so whether it broke by reason of its wear and use or on account of a latent defect in the iron, were clearly questions for the jury and were left to them with instructions of which the defendant cannot justly complain.

The claim of the defendant that the plaintiff was guilty of contributory negligence is based upon the allegation that he had his hand under the cope when the chain broke; that this was an unsafe and improper place for his hand and was the cause of the plaintiff's injuries. The only testimony on the subject is that of the plaintiff himself. He testified that, at the time the chain broke, his hands were on the side of the cope, guiding it, and that the falling of the cope threw him under it. Notwithstanding this testimony, the defendant contends that if the plaintiff's hands had been on the cope when the chain broke, it would not have been possible for his left hand to have been thrown under the cope; that the weight and size of the cope and the distance it fell, rendered this impossible. It is, therefore, urged by the defendant that, under the evidence, the plaintiff's hand must have been under the cope when it fell. While the plaintiff's theory is plausible and his argument forcible, yet in view of the positive declaration to the contrary by plaintiff, the only witness who testified on the subject, we are not prepared to say that the court should have assumed the determination of the question and withdrawn it from the jury. As suggested by the learned trial judge in his charge, "injuries result in so many ways in this world, that nothing in that line seems to be impossible." He, however, told the jury that if plaintiff's hand was under the cope before it fell and the

injury resulted because it was in that position, the plaintiff was guilty of contributory negligence and could not recover.    The court's instructions on this branch of the case, like those on the question of the defendant's negligence, were clear, definite and comprehensive, and submitted the plaintiff's negligence fairly to the jury.

We think the learned judge was right in refusing a nonsuit and later, in declining to give binding instructions for the defendant.

The assignments of error are overruled and the judgment is affirmed.